IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JEFFERY JAMES JACKSON,<br>AIS No. 128248,<br><br>　　　Petitioner,<br><br>v.<br><br>GUY NOE, et al.,<br><br>　　　Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)   CASE NO. 2:22-CV-492-RAH-KFP<br>)<br>)<br>)<br>) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

This case is before the Court on a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 filed by Alabama inmate Jeffery Jackson on August 16, 2022. Doc. 1. Jackson challenges his conviction for felony murder entered in the Circuit Court for Montgomery County in August 2006. *Id.* at 2. That court sentenced Jackson to life in prison without the possibility of parole. *Id.* Jackson claims he is actually innocent of his conviction for felony murder. *Id.* at 5, 13–14. For the reasons below, the Magistrate Judge recommends that Jackson's § 2254 petition be dismissed as a successive petition filed without the required appellate court authorization.

**II.   DISCUSSION**

Jackson's § 2254 petition is his second attempt to challenge his 2006 conviction and sentence by a habeas corpus petition. This Court denied Jackson's first § 2254 petition, which he filed in February 2013, as time-barred under the one-year limitation period in 28

U.S.C. § 2244(d)(1) and dismissed the case with prejudice. *See Jackson v. Davenport*, Case No. 2:13-CV-111-WHA-TFM (M.D. Ala. 2016) (Docs. 57, 69, 70).

Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(1) or (b)(2)]."[1] 28 U.S.C. § 2244(b)(3)(B), (C).

As a matter of law, dismissal of a § 2254 petition on statute-of-limitations grounds constitutes an adjudication on the merits for purposes of § 2244(b)(3)'s second-or-successive-petition requirements. *See, e.g., Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) (holding that "dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions

---

[1] Section 2244(b)(1) provides that a claim presented in a second or successive habeas corpus application under § 2254 that was presented in a prior application shall be dismissed. Section 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under § 2254 that was not presented in a prior application shall be dismissed unless (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)"); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) (holding that a prior untimely petition counts for § 2244(b) purposes because "a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims") (followed in *Cogman v. Crow*, 2018 WL 5624299, at *2 (M.D. Ala. 2018)).

The instant petition is a successive petition subject to the limitations of § 2244(b), and Jackson furnishes no certification from the Eleventh Circuit Court of Appeals authorizing this Court to proceed. "Because this undertaking [is a successive] habeas corpus petition and because [Jackson] had no permission from [the Eleventh Circuit] to file a [successive] habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Bd. of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (providing that district courts lack jurisdiction without order from the court of appeals authorizing the district court to consider successive habeas petition). Consequently, Jackson's § 2254 petition should be dismissed as a successive petition filed without the required preauthorization from the Eleventh Circuit Court of Appeals.

### III.    CONCLUSION

Accordingly, the Magistrate Judge RECOMMENDS that Jackson's § 28 U.S.C. § 2254 Petition (Doc. 1) be DISMISSED for lack of jurisdiction, as he has failed to obtain the required order from the Eleventh Circuit Court of Appeals authorizing a federal district court to consider his successive application.

Further, it is ORDERED that by **October 3, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made.  Frivolous, conclusive, or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH Cir. R. 3–1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 19th day of September, 2022.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE